UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABG HOLDINGS INC., a Washington corporation, | NO. |
| Plaintiff, | King County Superior Court Cause No. 11-2-16724-1 SEA |
| vs. | NOTICE OF REMOVAL |
| TADIN, INC., a California corporation, JOSÉ M. GONZÁLEZ, an individual and the marital community composed of JOSÉ M. GONZÁLEZ and SANDRA LARA GONZÁLEZ | |
| Defendants. | |

Defendants Tadin, Inc., José M. Gonzàlez and Sandra Lara Gonzàlez hereby provide notice pursuant to 28 U.S.C. § 1441(b) of the removal to federal court of the state court action described below, based on the following facts:

1.    On or about May 5, 2011, a lawsuit was filed in the Superior Court of the State of Washington in and for the County of King entitled *v. Tadin, Inc., José Gonzàlez and "Jane Doe" Gonzàlez,* under Cause No. 11-2-16724-1 SEA.  A copy of the summons and verified complaint are attached as Exhibit 1.

2.    The summons and verified complaint attached as Exhibit 1 were served on Defendant Tadin, Inc. in California on or about May 13, 2011.  This date also was the first

NOTICE OF REMOVAL - 1 of 2
[100017593.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

time that Defendant Tadin, Inc. received notice of this lawsuit. All named individual Defendants are residents of the State of California. Defendant Tadin, Inc. is a California corporation with its principal place of business in the City of Vernon in Los Angeles County, California. Plaintiff ABG Holdings Inc., is a Washington corporation with its principal place of business in Bellevue, King County, Washington.

3.     This notice of removal is being filed within 30 days after Defendant Tadin's receipt of the summons and complaint, and therefore this notice of removal is timely under the provisions of 28 U.S.C. § 1446(b).

4.     Under 28 U.S.C. § 1332, this Court has jurisdiction of any civil action where the matter in controversy exceeds $75,000 and is between citizens of a different state, including all claims asserted in Plaintiff's Complaint under King County Superior Court Cause No. 11-2-16724-1 SEA.

Dated this ___9th___ day of June, 2011.

GORDON THOMAS HONEYWELL LLP

By ___Stephanie Bloomfield___

Stephanie Bloomfield, WSBA No. 24251
SBloomfield@gth-law.com
Attorneys for Defendants

NOTICE OF REMOVAL - 2 of 2
[100017593.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ABG HOLDINGS, INC., a Washington corporation,

Plaintiff,

v.

TADIN, INC., a California corporation; and JOSE M. GONZALEZ, an individual and the marital community composed of JOSE M. GONZALEZ and SANDRA LARA GONZALEZ, husband and wife,

Defendants.

NO. 11-2-16724-1 SEA

**SUMMONS (60 DAYS)**

TO THE DEFENDANT JOSE M. GONZALEZ, 3445 E Slauson Avenue, Vernon, CA 90058: A lawsuit has been started against you in the above entitled court by ABG HOLDINGS, INC., plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to

SUMMONS - 1

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600    FAX: (206) 223-3929

what he or she asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington and RCW 4.92.020.

DATED this ⌐ day of May, 2011.

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

By: _____
Jonathan I. Feil (WSBA # 14166)
jfeil@sksp.com
Kenneth A. Sheppard (WSBA #5899)
ksheppard@sksp.com
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: 206-382-2600  Fax: 206-223-3929

Attorneys for Plaintiff

SUMMONS - 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ABG HOLDINGS, INC., a Washington corporation,

Plaintiff,

v.

TADIN, INC., a California corporation; and JOSE M. GONZALEZ, an individual and the marital community composed of JOSE M. GONZALEZ and SANDRA LARA GONZALEZ, husband and wife,

Defendants.

NO. 11-2-16724-1 SEA

**SUMMONS (60 DAYS)**

TO THE DEFENDANT TADIN, INC., 3445 E Slauson Avenue, Vernon, CA 90058, a California Corporation: A lawsuit has been started against you in the above entitled court by ABG HOLDINGS, INC., plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to

SUMMONS - 1

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

what he or she asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.  This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington and RCW 4.92.020.

DATED this ___ day of May, 2011.

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

By: _____
Jonathan I. Feil (WSBA # 14166)
jfeil@sksp.com
Kenneth A. Sheppard (WSBA #5899)
ksheppard@sksp.com
999 Third Avenue, Suite 2525
Seattle, WA  98104-4089
Tel: 206-382-2600   Fax: 206-223-3929
Attorneys for Plaintiff

SUMMONS - 2

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600 FAX: (206) 223-3929

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| ABG HOLDINGS, INC., a Washington corporation, | No. |
| Plaintiff, | VERIFIED COMPLAINT ON PROMISSORY NOTE AND PERSONAL GUARANTEE |
| v. | |
| TADIN, INC., a California corporation; and JOSE M. GONZALEZ, an individual and the marital community composed of JOSE M. GONZALEZ and SANDRA LARA GONZALEZ, husband and wife, | |
| Defendants. | |

Plaintiff ABG Holdings, Inc. ("Plaintiff" or "ABG") complains against the Defendants and alleges as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    At all times material herein, Plaintiff ABG was a Washington corporation with its principal place of business in Bellevue, Washington, authorized to do business in the State of Washington. Plaintiff's business address is 1506B 145th Place SE, Bellevue, WA 98007. Plaintiff ABG was previously named and is the same entity as Laboratorios Nueva Era, Inc., a Washington corporation.

COMPLAINT - 1

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600  FAX: (206) 223-3929

2.     Defendant Tadin, Inc. ("Tadin") is a California corporation. Tadin's business address is 3345 E. Slauson Avenue, Vernon, CA 90058. Tadin's registered agent in the State of California is Defendant Jose M. Gonzalez ("Gonzalez") and its registered address is 3345 E. Slauson Avenue, Vernon, CA 90058.

3.     Upon information and belief, Defendant Gonzalez is a resident of the State of California. Upon information and belief, Defendant Gonzalez is married to Sandra Lara Gonzalez, and they constitute a marital community under the laws of the State of California. All actions performed by Defendant Gonzalez were done on behalf of the marital community.

4.     Jurisdiction and venue are proper in this Court.

## II.     FIRST CAUSE OF ACTION – PROMISSORY NOTE

5.     For good and valuable consideration, Defendant Tadin executed and delivered to Plaintiff a Secured Promissory Note dated November 10, 2010, in the original principal amount of $300,000 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A and is incorporated herein by this reference as though set forth in full. Commencing December 10, 2010, the Note is payable at four percent annual interest in monthly installments of $8,857.20 for thirty-six consecutive months.

6.     Plaintiff is owner and holder of the Note.

7.     Defendant Tadin has defaulted on the Note, by failing to pay installments of the Note in full when due and notifying Plaintiff on or about April 14, 2011 that it would unilaterally reduce the payments on the Note by half, commencing that date.

8.     Plaintiff has made written demand upon Defendant Tadin for payment of the amounts owing under the Note, which demand has not been met. Pursuant to the Note, Plaintiff elects to declare the full unpaid principal of the Note and accrued interest immediately due and payable.

COMPLAINT - 2

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600  FAX: (206) 223-3929

9. As of May 1, 2011, the unpaid principal of the Note is not less than $262,499.89, and accrued unpaid interest is not less than $261.94.

10. Pursuant to the terms of the Note, Defendant Tadin promised to pay reasonable costs, expenses, and attorney's fees incurred in the collection and enforcement of the Note and any ensuing lawsuit. Plaintiff has had to engage counsel to collect the obligation owing by Defendant Tadin, and the attorney's fees, costs, and expenses incurred and to be incurred by Plaintiff in connection with the obligations under the Note, which shall be not less than $1,000 in a default judgment, should be awarded to Plaintiff in any judgment entered in this action.

### III.   SECOND CAUSE OF ACTION – PERSONAL GUARANTEE

11. Plaintiff hereby realleges paragraphs 1 through 10 hereof as if fully set forth again.

12. For good and valuable consideration, Defendant Gonzalez executed a Personal Guaranty dated November 10, 2010, in favor of Plaintiff (the "Guarantee"), whereby Defendant Gonzalez unconditionally guaranteed payment and performance of the obligations of Defendant Tadin under the Note. Defendant Gonzalez's spouse, Sandra Lara Gonzalez, consented to the Guarantee. A true and correct copy of the Guarantee is attached hereto as Exhibit B and is incorporated herein by this reference as though set forth in full. Plaintiff is the holder of the Guarantee.

13. Plaintiff notified Defendant Gonzalez in writing dated April 26, 2011, that Defendant Tadin was in default under the Note. Defendant Gonzalez has not brought the Note current or otherwise remedied the default.

14. Pursuant to the terms of the Guaranty, Defendant Gonzalez promised to pay all reasonable costs, expenses, and attorney's fees incurred in the enforcement of the Guaranty and any ensuing lawsuit. Plaintiff has had to engage counsel to collect the obligation owing by

COMPLAINT - 3

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600  FAX: (206) 223-3929

Defendant Gonzalez, and the attorney's fees, costs, and expenses incurred and to be incurred by Plaintiff in connection with the obligations under the Guaranty, which shall be not less than $1,000 in a default judgment, should be awarded to Plaintiff in any judgment entered in this action.

## IV. REQUEST FOR RELIEF

Plaintiff requests that judgment be entered jointly and severally against Defendant Tadin, against Defendant Gonzalez individually, and against the marital community composed of Jose M. Gonzalez and Sandra Lara Gonzalez, husband and wife:

A. For $ 262,749.94, representing principal and accrued interest due under the Note as of May 1, 2011, plus interest accruing on and after May 1, 2011, until the Defendants' obligation to Plaintiff is paid in full; and

B. For Plaintiff's attorney's fees, costs, and expenses, which shall be not less than $1,000 in a default judgment, plus interest thereon at the legal rate from the respective dates expended until paid in full by Defendants; and

C. For such other relief as is just and equitable.

DATED: May 5, 2011

SIMBURG, KETTER, SHEPPARD & PURDY, LLP

By: _____
Jonathan I. Feil (WSBA # 14166)
jfeil@sksp.com
Kenneth A. Sheppard (WSBA #5899)
ksheppard@sksp.com
999 Third Avenue, Suite 2525
Seattle, WA 98104-4089
Tel: 206-382-2600 Fax: 206-223-3929
Attorneys for Plaintiff

COMPLAINT - 4

## VERIFICATION

Antonio Garcia declares as follows:

1.      I am the President of Plaintiff ABG Holdings, Inc.

2.      I have personal knowledge of the matters set out in the foregoing Complaint, except for those matters alleged upon information and belief, and if called upon to testify I would competently testify as to the matters stated herein.

3.      I verify under penalty of perjury under the laws of the States of Washington that the factual statements in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

Executed at Seattle, Washington on May 5, 2011.

Antonio Garcia
ABG HOLDINGS, INC.

COMPLAINT - 5

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600  FAX: (206) 223-3929

# EXHIBIT A

# (NOTE)

COMPLAINT - EXHIBITS

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600  FAX: (206) 223-3929

## SECURED PROMISSORY NOTE

**$300,000.00**              **LOS ANGELES, CALIFORNIA**              **NOVEMBER 10, 2010**

**FOR VALUE RECEIVED** TADIN, INC, a California corporation, ("Maker") , promises to pay to ABG Holdings, Inc., a Washington corporation, and ANTONIO GARCIA or order (collectively, "Payee"), at Bellevue, Washington, or at such other place as the holder may from time to time designate in writing, the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) with interest on the unpaid balance from date at the rate of four percent (4%) per annum, principal and interest in thirty six consecutive monthly installments of EIGHT THOUSAND EIGHT HUNDRED FIFTY SEVEN DOLLARS and 20/100 ($8,857.20) per month on the 10 th day of each month beginning December 10, 2010, until all interest and principal is paid. All sums are payable in lawful money of the United States of America.

This Note is secured by a security agreement of this date between Maker and Payee.

At the option of the holder, without demand or notice of the exercise of such option, the unpaid principal of this Note and accrued interest shall become immediately due and payable on the occurrence of any of the following events:

1.    Failure to pay an installment of this Note when due;

2.    Failure of Maker to perform any of the covenants, premises, agreements, or provisions of this Note, the Security Agreement or the Agreement of Purchase and Sale of Assets executed contemporaneously as part of the transaction that gave rise to this Note;

3.    Termination of existence, commencement of insolvency proceedings, commission of an act of bankruptcy; appointment of a receiver or trustee of or for any part of the assets or property; assignment for the benefit of creditors, statutory or otherwise; composition of creditors; commencement of any proceedings, voluntary or involuntary, under any federal or state bankruptcy or insolvency laws, against Maker.

4.    If payee was induced to enter into the transaction that gave rise to this Note by misrepresentation of a material fact, intentional or unintentional, made by or on behalf of Maker or guarantor of this Note;

At the option of the Maker, payment of the unpaid principal of this Note and accrued interest shall be suspended in the event of the failure of Payee, or any successor thereto, to perform any of the covenants, premises, agreements or provisions of the Agreement of Purchase and Sale of Assets executed contemporaneously as part of the transaction that gave rise to this Note, or if Maker was induced to enter into the transaction that gave rise to this Note by misrepresentation of a material fact, intentional or unintentional, made by or on behalf of Payee. Such failure shall give rise to the right of Payee to set-off any amounts due and owing under this Note.

Every Maker, guarantor, and indorser of this Note and every person who assumes the obligations of this Note, agrees to pay the following costs, expenses, and attorney's fees paid or incurred by the holder of this Note, or adjudged by a Court: (1) reasonable costs of collection, costs and expenses, and attorney's fees paid or incurred in connection with the collection and enforcement of this Note or any part of it, or of any security for it, or of any covenant of this Note or such security, whether or not suit is filed; (2) costs of suit and such sum as the Court may adjudge as attorney's fees in any action to enforce payment of this Note or any part of it; and (3) costs of suit and such sum as the Court may adjudge as attorney's fees in any other litigation or controversy connected with this Note, or security for it, including but not limited to actions for declaratory relief that any such holder is required to prosecute or defend and actions for relief based on rescission, or actions to cancel this Note that any such holder is required to defend. In any such suit or proceeding, the prevailing party shall be entitled to an award of its reasonable costs and attorney's fees.

Every Maker, guarantor and every person who assumes the obligations of this Note (1) waives presentment, demand, protest, notice of protest, notice of dishonor, notice of nonpayment, and notice of any kind with respect to this Note or any guaranty of it or the performance of the obligations under this Note or any guaranty of it; (2) waives the right, if any, to the benefit of, or to direct the application of, any security hypothecated to the holder until all indebtedness of the Maker

- 1 -

PROMISSORY NOTE (Continued)

$300,000.00                    LOS ANGELES, CALIFORNIA                    NOVEMBER 10, 2010

to the holders shall have been paid; (3) waives the right to require the holder to proceed against any other person or pursue any other remedy before proceeding against him, and except as otherwise required by law, waives the right to require the holder to proceed against any security before proceeding against him; and (4) agrees that no renewal or extension of this Note, including a renewal or extension in which this Note is surrendered, no change of rate of interest, no release, surrender, or substitution of security for this Note, no modification of the terms of any security or other agreement relating to this Note, no release of or covenant not to sue or covenant not to levy execution against property of any person liable on this Note, including any Maker, guarantor, or indorser, no delay in the enforcement of payment of this Note or any guaranty of it, and no delay or omission in exercising any right or power under this Note or any guaranty of it, shall affect his liability.

Maker may prepay, at Maker's option, in whole or in part, the principal or interest owing without penalty.

If any provision or any word, term, clause, or part of any provision of this Note shall be invalid for any reason, the same shall be ineffective, but the remainder of this Note and of the provision shall not be affected and shall remain in full force and effect.

This Note, and the rights and obligations of parties to it, shall be governed by, and construed and interpreted in all respects in accordance with, the laws of the State of Washington.

TADIN, INC.
By:

Its President

# EXHIBIT B

# (GUARANTY)

COMPLAINT - EXHIBITS

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600  FAX: (206) 223-3929

## PERSONAL GUARANTY

Jose M. Gonzalez
From: 3445 E. Slauson Avenue
Vernon, CA 90058
(the "Guarantor")


Laboratorios Nueva Era, Inc., a Washington corporation
and Antonio Garcia, and their respective successors and assigns
To: 13212 NE 16th St., Suite 9
Bellevue, WA 98007
(collectively, the "Lender")


Re: Tadin, Inc., a California corporation
(the "Debtor")


IN CONSIDERATION OF the Lender financing a portion of the purchase price for Debtor's purchase from Lender of certain business assets located in Bellevue, King County, Washington (the "Property") as described in that certain Agreement of Purchase and Sale of Assets dated as of November 10, 2010 (the "Agreement"), and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Guarantor, personally and unconditionally guarantees the prompt, full and complete performance of any and all present and future duties, obligations and indebtedness (collectively, the "Debt") due to the Lender by the Debtor, under the terms of that certain Secured Promissory Note dated November _10_, 2010, in the face amount of $300,000.00 (Three Hundred Thousand and 00/100 Dollars) (the "Note"), and any other document executed by the Debtor to evidence or secure the Debt (the Note and any other such document being hereinafter referred to as the "Loan Documents"), subject in addition to the following terms and conditions:

1. The Guarantor personally guarantees that the Debtor will promptly pay the full amount of principal, interest, and any other sums due under the Loan Documents as and when the same will in any manner be or become due, either according to the terms and conditions provided by the Loan Documents or upon acceleration of the Debt by reason of a default.

2. Guarantor reserves any defenses, offsets, counterclaims or other rights that Debtor might assert or interpose against Lender, whether or not Debtor asserts or interposes such defenses, offsets or counterclaims. Specifically, Guarantor shall be exonerated with respect to its guarantee, dollar for dollar, to the extent the Debtor is exonerated from payment of any portion of the Debt due to a default of Lender with respect to any

provision of the Agreement of Purchase and Sale of Assets dated as of November 10, 2010.

3.  The Lender is hereby authorized at any time, in its sole discretion and without notice, to take, change, release or in any way deal with any security securing the Debt without in any way impairing the obligation of the Guarantor.

4.  The Lender will be under no obligation to collect or to protect any such security for the Debt, and its neglect or failure to collect or protect the security or the Debt is excused. Acceptance of this Guaranty is waived.

5.  The Lender may grant extensions of time or other indulgences and otherwise deal with the Debtor and with other parties and security for the Debt as the Lender may see fit without in any way limiting or lessening the liability of the Guarantor under this Guaranty.

6.  Any impairment of any security which the Lender may from time to time hold as security for the Debt will in no way operate to discharge the Guarantor in whole or in part, it being specifically agreed that the Lender is not required to exercise diligence to enforce its rights against the Debtor before proceeding to collect on the Debt from the Guarantor.

7.  The Lender may, without impairing the validity of this Guaranty, release, surrender, exchange, modify, impair or extend the periods of duration or the time for performance or payment of any collateral securing the obligations of the Debtor to the Lender, and may also settle or compromise any claim of the Lender against the Debtor or against any other person or corporation whose obligation is held by the Lender as collateral security for any obligation of the Debtor or the Lender.

8.  This Guaranty is for the use and benefit of the Lender, and will also be for the use and benefit of any subsequent Lender to whom the Lender may assign this Guaranty.

9.  Unless otherwise exonerated or excused by the provisions of Section 2 hereinabove, the liability of the Guarantor will continue until payment is made of every obligation of the Debtor now or later incurred in connection with the Debt and until payment is made of any loss or damage incurred by the Lender with respect to any matter covered by this Guaranty or any of the Loan Documents. This Guaranty binds Guarantor and Guarantor's executors, administrators, successors and assigns, provided that Guarantor may not assign its rights or obligations under this Guaranty without the prior written consent of the Lender.

10. The Guarantor further waives all rights, by statute or otherwise, to require the Lender to institute suit against the Debtor, and to exercise diligence in enforcing this Guaranty or any other instrument.

11. All present and future indebtedness of the Debtor to the Guarantor is hereby assigned to the Lender. All monies received by the Guarantor from the Debtor will be received in trust for the Lender and upon receipt are to be paid over to the Lender until such time as the Debt owed by the Debtor has been fully paid and satisfied.

12. The Guarantor represents that at the time of the execution and delivery of this Guaranty nothing exists to impair the effectiveness of this Guaranty.

13. All of the Lender's rights, powers and remedies available under this Guaranty and under any other agreement in force now or anytime later between the Lender and the Guarantor will be cumulative and not alternative, and will be in addition to all rights, powers and remedies given to the Lender by law or in equity.

14. The Lender may, at its option, proceed in the first instance against the Guarantor to collect the obligations covered by this Guaranty without first proceeding against any other person, firm or corporation and without resorting to any property held by the Lender as collateral security.

15. All undertakings, covenants, promises and waivers in this Guaranty are joint and several. All pronouns will include masculine, feminine and/or neuter gender, single or plural number, as the context of this Guaranty may require.

16. This Guaranty is made pursuant to the laws of the State of Washington. In the event that this Guaranty must be enforced by the Lender, all reasonable costs and expenses, including attorney's fees at trial and in any appeal, will be paid by the prevailing party.

17. The invalidity or unenforceability of any one or more phrases, sentences, clauses or sections in this Guaranty will not affect the validity or enforceability of the remaining portions of this Guaranty or any part of this Guaranty.

18. No alteration or waiver of this Guaranty or of any of its terms, provisions or conditions will be binding upon the Lender unless made in writing over the signature of the Lender or its representative.

19. Words of "Guarantee" contained in this Guaranty in no way diminish or impair the absolute and unconditional liability created in this Guaranty.

20. Any notice to be given to the Guarantor may be sent by mail, telephone, fax, email or otherwise delivered in care of Tadin, Inc., 3445 E. Slauson Ave., Vernon, CA 90058, telephone 213-406-8880, fax 323-582-8687.

21. **ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A**

**DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.**

Executed this $10^{7h}$ day of November, 2010.

_____
José M. Gonzalez

Consent of Spouse:

_____
Name Printed: Sandra    Lara Gonzalez