THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABG HOLDINGS, INC., a Washington corporation,<br><br>     Plaintiff,<br><br>v.<br><br>TADIN, INC., a California corporation, JOSE M. GONZALEZ, an individual and the marital community composed of JOSE M. GONZALEZ and SANDRA LARA GONZALEZ, husband and wife,<br><br>     Defendants and Counterclaimants | NO.  11-00985 RSL<br><br>DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS AND THIRD-PARTY COMPLAINT |
| TADIN, INC. , a California corporation,<br><br>     Third-Party Plaintiff,<br><br>v.<br><br>ANTONIO GARCIA, an individual and the marital community composed of ANTONIO GARCIA and BEATRIZ GARCIA, husband and wife,<br><br>     Third Party Defendants. | |

Defendants Tadin, Inc, José M. Gonzalez and Sandra Lara Gonzalez, provide the following Answer to the factual allegations Plaintiff's Complaint.  To the extent Plaintiff's

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 1 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Complaint asserts statements of law, legal conclusions, or legal theories no response is required.

1.    Upon information and belief, Admit.

2.    Admit.

3.    In response to paragraph 3, Defendant José Gonzalez admits he resides in California and is married to Sandra Lara Gonzalez.  Except as so admitted, Defendants deny all remaining factual allegations of paragraph 3.

4.    Defendants admit that jurisdiction is proper in this court as is venue, but assert that the Central District of California is a more convenient forum for this matter.

5.    Defendant Tadin admits it signed the Note that is attached as Exhibit A to Plaintiff's Complaint, and the Note speaks for itself.  Defendant Tadin denies that Plaintiff provided the consideration promised and as more fully alleged in the counterclaims made material misrepresentations and concealed material facts to induce Gonzalez and Tadin to consummate the purchase and sign the Note.

6.    Defendants lack sufficient information to admit or deny, and therefore deny paragraph 6.

7.    In response to the factual allegations of paragraph 7, Defendant Tadin admits that it had no obligation to make full payments on the Note for the following reasons: (1) misrepresentations made by Plaintiff and its representatives in the course of the sale of the Doña Remedios tea products to Defendant Tadin; (2) violations by Plaintiff and its representatives of the covenant of good faith and fair dealing; (3) breaches by Plaintiff and its representatives of Plaintiff's obligations under the parties' Agreement and Plaintiff's breach of related warranties; and (4) Plaintiff deceived Defendant Tadin in that the sale of the business was based on mislabeled goods that misrepresented the cost of

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

such goods. Except as expressly admitted herein Defendants deny the factual allegations of paragraph 7.

8.   In response to the factual allegations of paragraph 8, Defendant Tadin admits that Plaintiff made a written demand for payment on the Note and Tadin declined to meet the demand. Except as expressly admitted Defendant Tadin denies all remaining factual allegations of paragraph 8.

9.   Deny.

10.   In response to the factual allegations of paragraph 10 Defendants admit that the accurate copy of the Note, attached as Exhibit A to Plaintiff's complaint, speaks for itself. Except as so admitted, Defendants deny all factual allegations of paragraph 10.

11.   Defendants reallege their previous responses.

12.   In response to the factual allegations of paragraph 12, Defendants admit that Defendant José Gonzalez, with the consent of his wife, executed the Guarantee and a true and correct copy of that document is attached as Exhibit B to the Complaint. Except as so admitted Defendants deny all factual allegations in paragraph 12 and deny that Plaintiff is entitled to recover on the Guaranty.

13.   In response to the factual allegations of paragraph 13, Defendants admit that Tadin wrote to Defendant José Gonzalez on or about the date stated alleging a default, and that Defendant José Gonzalez had no obligation to pay Plaintiff for the following reasons: (1) misrepresentations made by Plaintiff and its representatives in the course of the sale of the Doña Remedios tea products to Defendant Tadin; (2) violations by Plaintiff and its representatives of the covenant of good faith and fair dealing; (3) breaches by Plaintiff and its representatives of Plaintiff's obligations under the parties' Agreement and Plaintiff's breach of related warranties; and (4) Plaintiff deceived

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Defendant Tadin in that the sale of the business was based on mislabeled goods that misrepresented the cost of such goods. Except as expressly admitted herein Defendants deny the factual allegations of paragraph 13.

14.   In response to the factual allegations of paragraph 14 Defendants admit that the accurate copy of the Guarantee, attached as Exhibit B to Plaintiff's complaint, speaks for itself. Except as so admitted, Defendants deny all factual allegations of paragraph 14.

15.   Defendants further deny that Plaintiff is entitled to the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

1.   FAILURE OF CONSIDERATION: There has been a substantial failure of consideration bargained for in the contract between the parties which is the subject of this action.

2.   ESTOPPEL: The Plaintiff by its conduct and/or acts, words, or silence amounted to misrepresentation or concealment of material facts with knowledge or imputed knowledge thereof, and at such representation, silence, or concealment was relied on by the Defendants to their damage and detriment.

3.   FAILURE TO STATE A CLAIM: The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4.   BREACH OF CONTRACT: Plaintiff and its representatives made false or misleading statements for the purpose of inducing Defendant Tadin to purchase the business assets Plaintiff was trying to sell to Tadin, which were in breach of the promises, warranties and representations in the Agreement and were relied upon by the Defendants to the Defendants' damage.

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 4 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

5.    EXCUSE OF PERFORMANCE: The Plaintiff breached its obligations to Defendants under the contract, excusing Defendants from any further obligations under the Contract.

6.    JUSTIFICATION: The Defendants had just cause for their actions, especially as to any contracts or notes signed with the Plaintiff.

7.    MISTAKE OF FACT AND/OR FACTS in negotiations for the alleged contract and note.

8.    UNCLEAN HANDS: Plaintiff does not approach this suit with clean hands and therefore cannot enforce any of the contracts or notes, the subject matter hereof.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

By way of Counterclaim and Third-Party Complaint, Defendant Tadin, Inc., asserts as follows:

1.    Counterclaimant and Third-Party Plaintiff Tadin, Inc. ("Tadin"), is a corporation, duly organized and existing under the laws of the State of California, and at all relevant times has had its principal place of business in the City of Vernon in the County of Los Angeles, California.  Tadin is in the business of packaging and selling herbal remedies, teas and supplements to distributors and retail grocery stores and markets as well as directly to consumers online.

2.    Counterclaimant and Third-Party Plaintiff José M. Gonzalez is an individual who is and was, at all relevant times, a resident of Los Angeles County, California. Gonzalez is the president and chief executive officer of Tadin.

3.    Plaintiff and counterclaim defendant ABG Holdings, Inc. ("ABG") is believed to be a corporation formed under the laws of the State of Washington and was, at the

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 5 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

time of formation of the contract that is the subject of this dispute, known as "Laboratorios Nueva Era, Inc."

4.     Defendant Antonio Garcia is an individual who is believed to reside in King County, Washington, and was at all relevant times the president of ABG and its predecessor Laboratorios Nueva Era, Inc.

5.     The agreement that is the subject of this dispute was negotiated in and entered into in Los Angeles County, California and was to be performed and has been partially performed Los Angeles County, California.  The misrepresentations and other wrongs herein alleged were directed at Tadin and Gonzalez who reside in Los Angeles County, California, intended to induce and did induce action in Los Angeles County, California.

### FIRST CAUSE OF ACTION – MISREPRESENTATION

6.     Gonzalez and Tadin reallege and incorporate herein by reference paragraphs 1 through 5 of this counterclaim and third-party complaint as though set forth in full in this cause of action.

7.     Before November 10, 2010, ABG was in the business of manufacturing, packaging and selling tea bags of purportedly proprietary herbal tea mixtures that were sold in packages of five bags per package under the trade name "Doña Remedios" (the "Tea Products").

8.     On or about November 10, 2010, Tadin, Gonzalez, ABG and Garcia entered into an "Agreement of Purchase and Sale of Assets" ("Agreement") under which ABG agreed to sell to Tadin: (1) trademarks, trade names and other associated intellectual property related to the Tea Products; (2) a website and web address through which Tea Products had been marketed; (3) recipes for the manufacture of the Tea Products; (4)

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 6 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

equipment used to manufacture the Tea Products; (5) certain inventory; (6) "information and data concerning [ABG's] manufacturing processes, pricing data, [and] sales data"; (7) the name "Laboratorios Nueva Era, Inc."; and (8) the goodwill of ABG. As a part of the Agreement, ABG and Garcia entered into a non-compete agreement with Tadin.

9.     Under the Agreement, ABG also agreed to provide a schedule at closing of "a correct and current list of all of" ABG's "current customers and former customers during the prior three years, together with summaries of sales made to each customer during the fiscal year ended December 31, 2009." Both ABG and Garcia expressly warranted in the Agreement they had "no information, or are aware of any facts, indicating that any of these customers intend to cease doing business with…[ABG] or materially alter the amount of business they are presently doing with [ABG]…"

10.    ABG and Garcia also warranted and promised that each of their representations in the Agreement were true in all material respects. They further warranted and represented that all of their obligations would be performed prior to closing.

11.    In exchange for ABG's and Garcia's performance, Tadin agreed to pay ABG and Garcia a total of $390,000 for the assets of the business and $10,000 for a non-compete, with $100,000 to be paid at the closing on November 10, 2010 (the same date the Agreement was executed) with the balance to be paid in accordance with a $300,000 promissory note (Note) secured by certain assets of Tadin pursuant to a security agreement ("Security Agreement") and by Gonzalez's personal guarantee ("Guarantee"). Tadin paid ABG $100,000 at the closing and has since made monthly payments on the note totaling over $39,800.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

12.    Tadin and Gonzalez were induced to enter into the Agreement, and the related Note, Security Agreement and Guaranty and Garcia and Tadin were also induced to make the payments described above as a result of their reasonable reliance on misrepresentations of material facts and concealment of material facts by Garcia and ABG that were intended to so induce Gonzalez and Tadin, including:

A.  Garcia, acting for himself and ABG, gave Gonzalez and Tadin a purported list of some 69 customers that was intended to be and that became an Exhibit to the Agreement, which Garcia represented to be a list of the "active customers" for the Tea Products manufactured and sold by ABG and also represented that to the best of defendants' knowledge that such "active" customers had no intent to cease doing business with ABG or to reduce their orders.  In truth and in fact, however, as was well known to Garcia and the other defendants at the time the list was delivered to Gonzalez and Tadin, virtually all of the purported "active" customers had previously ceased doing business with ABG and/or intended to substantially reduce or terminate orders for the Tea Products;

B.  Garcia, acting for himself and ABG, gave Gonzalez and Tadin a purported financial statement for ABG for the nine month period ending September 30, 2010, that was intended to be and that became an Exhibit to the Agreement, in which Garcia represented that ABG had gross sales in that period of more than $321,000.  Gonzalez and Tadin are informed and believe, however, that ABG's gross sales for that period were far below the $321,000 represented; and

C.  Garcia acting for himself and ABG represented that "formulas" for ABG's Tea Products that Garcia provided to Gonzalez and Tadin and that were intended to

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

be and that became an Exhibit to the Agreement concerning the manufacturing of the Tea Products, were true and not misleading in any material respect. The "formulas" provided did not mention that the quantity of the various herbal materials in each bag was different than the amount indicated on the packaging for the Tea Products, which stated that each bag in the sealed packages contained one gram of herbal tea mixture. In fact, each bag in the sealed packages contained closer to two grams of herbal mixture per bag. Therefore, the bags were mislabeled and misbranded. Moreover, ABG and Garcia did not disclose to Tadin and Gonzalez that Tadin would be required to keep the same weight of herbal material in each bag (2 grams instead of the label representation of 1 gram) to continue to meet customer expectations concerning the Tea Products and would therefore incur additional material costs (an additional 1 gram of tea per bag) to meet consumer expectations of the strength of the Tea Products. Garcia and ABG's misrepresentations concerning the actual weight of materials used in the manufacture of bags was intentional in that Garcia knew that the tea bags were being manufactured in excess of the weight represented on ABG's packaging for months before the negotiation of the Agreement.

Gonzalez and Tadin may continue to ascertain additional misrepresentations and concealment of facts as the investigation continues, and these additional matters will be supplied according to proof as they are ascertained through investigation and discovery in this case.

13.    The Agreement was negotiated over a period of approximately only two weeks leading up to the combined execution and closing date on November 10, 2010.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

The Agreement was negotiated over such a brief period of time because Garcia represented to Gonzalez that Garcia was suffering from terminal cancer, had little survival time, and as a consequence the transaction would not be completed at all unless Gonzalez and Tadin negotiated and consummated the sale with extreme speed.

14.    Gonzalez and Tadin relied on the statements and written representations made by Garcia in the negotiation of and in the schedules, exhibits and attachments to the Agreement that Garcia falsely represented to be accurate concerning the operation of ABG and the Tea Products and were thereby induced to consummate the transaction on November 10, 2010. Gonzalez and Tadin's reliance on the matters and facts concealed and misrepresented was reasonable. Gonzalez and Tadin could not and did not learn that ABG and Garcia had misrepresented their active customer list and/or sales until they began contacting those customers after closing the Agreement. Garcia intentionally arranged the negotiation and closing quickly so that Gonzalez and Tadin would be forced to rely on Garcia and ABG's false statements and written representations about ABG and the Tea Products as set forth above.

15.    Gonzalez and Tadin did not learn of mislabeling and misbranding of the Tea Products until they received customer complaints. Gonzalez and Tadin have now also been informed by a potential customer who told Garcia and ABG months before the Agreement that the tea bags contained 2 grams of tea instead of 1 gram as labeled. Gonzalez and Tadin did not learn of the misrepresentation of the number of active customers, the financial condition of the business of ABG, and other related issues, until after the consummation of the transaction.

16.    Gonzalez and Tadin have incurred and will continue to incur damages based on the difference between the value of the assets sold as represented by Garcia

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

and ABG and the actual fair market value of the assets received, general damages and additional consequential damages, including but not limited to, the increased costs of materials for the Tea Product, developing customers, loss of profits due to the loss of customers and attorney fees and other expense related to the concealment, misrepresentations, mislabeling and misbranding of the Tea Products , all in an amount not less than $75,000, plus additional sums according to proof.

17.    Pursuant to the Agreement, Gonzalez and Tadin are also entitled to recovery of their attorneys and costs incurred in bringing this action.

## SECOND CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

18.    Gonzalez and Tadin reallege and incorporate herein by reference paragraphs 1 through 17 of this counterclaim and third-party complaint as though set forth in full in this cause of action.

19.    Every contract contains an implied covenant of good faith and fair dealing in all contracts to ensure that neither party will do anything that will injure the right of the other party to receive the benefits of the agreement.  Garcia, acting for himself and ABG breached this covenant when:

A. He gave Gonzalez and Tadin a purported list of some 69 customers that was intended to be and that became an Exhibit to the Agreement, represented to be a list of the "active customers" for the Tea Products manufactured and to the best of Garcia and ABG's knowledge that such "active" customers had no intent to cease doing business with ABG or to reduce their orders, when it was well known to Garcia and ABG at the time that virtually all of the purported "active" customers had previously ceased doing business with ABG and/or had substantially reduced their orders for the Tea Products;

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 11 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

B. He gave Gonzalez and Tadin a purported financial statement for ABG for the nine-month period ending September 30, 2010, that was intended to be and that became an Exhibit to the Agreement that upon information and belief intentionally overstated ABG's gross sales for that period for the purpose of misleading Gonzalez and Tadin; and

C. He gave Gonzalez and Tadin so-called "formulas" that were intended to be and that became an exhibit to the Agreement concerning the manufacturing of the Tea Products, and represented to be true and not misleading in any material respect, but which did not mention that although the packaging for the Tea Products represented that the bags of Tea Product contained one gram of herbal tea mixture per bag, in fact, each bag in the sealed packages contained closer to two grams of herbal mixture per bag, and were therefore mislabeled and mislabeled.

20. Gonzalez and Tadin have incurred and will continue to incur damages based on the difference between the value of the assets sold as represented by Garcia and ABG and the actual fair market value of the assets received, as well as other general damages and additional consequential damages, including but not limited to, the increased costs of materials for the Tea Product, developing customers, loss of customers and profit and attorney fees and other expense related to the mislabeling, all in an amount not less than $75,000, and additional sums in an amount to be proved at trial.

21. Pursuant to the Agreement, Gonzalez and Tadin are also entitled to recovery of their attorneys and costs incurred in bringing this action.

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 12 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## THIRD CAUSE OF ACTION - BREACH OF CONTRACT

22.    Gonzalez and Tadin reallege and incorporate herein by reference paragraphs 1 through 21 of this counterclaim and third-party complaint as though set forth in full in this cause of action.

23.    Garcia and ABG were required by the express terms of the Agreement to provide truthful information that was not materially misleading.

24.    Garcia, acting for himself and ABG, breached the Agreement when

A.  He gave Gonzalez and Tadin a purported list of some 69 customers that was intended to be and that became an exhibit to the Agreement, which he represented to be a list of the "active customers" for the Tea Products manufactured and to the best of Garcia and ABG's knowledge that such "active" customers had no intent to cease doing business with ABG or to reduce their orders, when it was well known to Garcia and ABG at that virtually all of the purported "active" customers had previously ceased doing business with ABG and/or substantially reduced their orders for the Tea Products;

B.  He gave Gonzalez and Tadin a purported financial statement for ABG for the nine month period ending September 30, 2010 that was intended to be and that became an Exhibit to the Agreement that, upon information and belief, intentionally overstated ABG's gross sales for that period for the purpose of misleading Gonzalez and Tadin; and

C.  He gave Gonzalez and Tadin so-called "formulas" that were intended to be and that became an Exhibit to the Agreement concerning the manufacturing of the Tea Products, and represented to true and not misleading in any material respect, but which did not mention that although the packaging for the Tea Products represented that the bags of Tea Product contained one gram of

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 13 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

herbal tea mixture per bag, in fact, each bag in the sealed packages contained closer to two grams of herbal mixture per bag, and were therefore mislabeled and misbranded.

25.    Gonzalez and Tadin have incurred and will continue to incur damages based on the difference between the value of the assets sold as represented by Garcia and ABG and the actual fair market value of the assets received, as well as other general damages and additional consequential damages, including but not limited to, the increased costs of materials for the Tea Product, developing customers, loss of customers and profits and attorney fees and other expense related to the mislabeling and misbranding, all in an amount not less than $75,000, and additional sums according to proof.

26.    Pursuant to the Agreement, Gonzalez and Tadin are also entitled to recovery of their attorneys and costs incurred in bringing this action.

### PRAYER

WHEREFORE, Gonzalez and Tadin pray for relief against plaintiff ABG and third-party defendant Garcia and each of them as follows:

1. Plaintiff's claims be dismissed with prejudice and without costs;

2. Damages in Gonzalez and Tadin's favor in an amount to be proven at trial of not less than $75,000;

3. Attorney's fees and costs; and

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

4.  For such other and further relief as the court deems just and equitable.

Dated this _25th_ day of August, 2011.

GORDON THOMAS HONEYWELL LLP

By _Stephanie Bloomfield_

Stephanie Bloomfield, WSBA No. 24251
SBloomfield@gth-law.com
Attorneys for Defendants

ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 15 of 15
(11-00985 RSL)
[100023633.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565